UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN BRANT, et al., | ) | CASE NO. 5:10CV1296 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| SUMMA HEALTH SYSTEM, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This is a medical malpractice case. Before the Court is non-party physician John Zografakis's motion (Doc. No. 78) for a protective order specifying the appropriate scope of his deposition. Defendants physician Eric A. Espinal and Cardiothoracic Surgery Specialists LLC ("Defendants") have filed a response (Doc. No. 79) in support of Dr. Zografakis's motion, and Plaintiffs Nathan and Kristi Brant (collectively, "Plaintiffs") have filed a response in opposition (Doc. No. 80). Defendants have also filed a reply (Doc. No. 81) to Plaintiffs' response in opposition.

Defendants seek to depose Dr. Zografakis. Prior to the date on which Dr. Zografakis was originally scheduled to be deposed, Nathan Brant executed an authorization allowing Dr. Zografakis to release Mr. Brant's medical information as part of his deposition. Also prior to the scheduled deposition—but subsequent to the execution of the authorization—Plaintiffs informed the Defendants via letter of their position that the authorization executed by Mr. Brant only permitted Dr. Zografakis to

"give a deposition for the purpose of relating his involvement in the care of Mr. Brant." (Doc. No. 78-2 at 1.) Dr. Zografakis was not permitted, Plaintiffs asserted, "to offer any opinions regarding the standard of care, causation, or regarding the prior or subsequent treatment of Mr. Brant by others." (*Id.* at 2.) Receipt of the letter prompted Dr. Zografakis's counsel to postpone his client's deposition and to file the instant motion for a protective order setting forth the appropriate scope of Dr. Zografakis's anticipated deposition.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(b). The cause of action arises under Ohio law and Ohio substantive law governs the disposition of the case. In Ohio, there is no common law physician-patient privilege. *See Ward v. Summa Health Sys.*, 128 Ohio St. 3d 212, 215 (2010) ("The physician-patient privilege did not exist at common law."). Instead, the privilege is governed by statute. *See* Ohio Rev. Code § 2317.02. Both Plaintiffs and Defendants, however, agree that the physician-client privilege created by Ohio statute does not operate to limit the scope of Dr. Zografakis's deposition here. (*See* Doc. No. 79 at 4; Doc. No. 80 at 2.) Plaintiffs nevertheless contend that case law provides for a physician duty of secrecy and loyalty that is broader than the privilege contemplated by § 2317.02 and that does operate to limit the scope of Zografakis's deposition. In support of their argument, they rely on two cases: *Hammonds v. Aetna Casualty & Surety Co.*, 243 F. Supp. 793 (N.D. Ohio 1965), and *Miles v. Farrell*, 549 F. Supp. 82 (N.D. Ill. 1982).

Plaintiffs' attempt to rely on *Hammond* is certainly understandable. In one passage, the court in *Hammond* stated that

2

> It cannot be questioned that part of a doctor's duty of total care requires him to offer his medical testimony on behalf of his patient if the patient becomes involved in litigation over the injury or illness which the doctor treated. Thus, during the course of such litigation, in addition to the duty of secrecy, there arises the duty of undivided loyalty.

*Hammond*, 243 F. Supp. at 799. But the facts of *Hammond* are readily distinguished from the case at bar. In *Hammond*, the disclosing physician was still serving as the plaintiff's treating physician when he divulged the medical information in question. *Id.* at 795. Further, the physician in *Hammond* divulged the information during "a clandestine conference between [himself] and the lawyer for his patient's adversary." *Id.* at 800.

*Miles*, similar to *Hammonds*, posits that "it is . . . likely that a physician owes a duty of loyalty to his patient which would prevent him from testifying as an expert against his patient." *Miles*, 549 F. Supp. at 84. But *Miles*, also like *Hammonds*, is inapposite in that it involved a physician who was in a continuing physician-patient relationship with plaintiff. *Id.* at 82. Even more important, *Miles* involved application of Illinois—not Ohio—law.

Additionally, major changes in Ohio physician-patient privilege law have taken place since early cases like *Hammond* were decided. The biggest of these changes was the enactment the Ohio physician-patient privilege statute—the previously-mentioned § 2317.02. But significant changes in Ohio physician-patient privilege case law have also occurred since 1965, when *Hammonds* was decided. More modern cases indicate that a physician is not barred from discussing the standard of care, causation, and like topics where, as here: the physician in question participated in the treatment at issue; the plaintiff is suing regarding that treatment; and the physician will be divulging the

3

information not surreptitiously, but through the normal process of discovery.

The Ohio Supreme Court has stated that "a non-defendant treating physician is competent to appear as an expert witness in a personal injury action brought by his patient . . . ." *Moore v. Grandview Hosp.*, 25 Ohio St. 3d 194, 197 (Ohio 1986). The court in *Moore* added the qualification that the physician may so-testify only "as long as the physician avoids testimony as to privileged communications." *Id.* But by filing this suit Plaintiffs have already waived any such privilege here. *See* Ohio Rev. Code § 2317.02(B)(1) ("The testimonial privilege . . . does not apply . . . if a medical claim is filed by the patient . . . ."); *Wargo v. Buck*, 123 Ohio App. 3d 110, 121 (Ohio Ct. App. 1997) ("[B]ecause [plaintiff-appellant] filed a civil action placing into issue the extent of his injuries, . . . the privilege does not apply."). Both sides agree that the privilege does not apply. *Moore* thus supports allowing Dr. Zografakis to testify—and, by extension, be deposed—as to the disputed topics here.

*Humble v. Dobson*, No. 95-CA-12, 1996 WL 629535 (Ohio Ct. App. Nov. 1, 1996), supports this interpretation of modern Ohio law. In *Humble*, the Ohio court of appeals permitted a treating non-party physician (who had been deposed during discovery) to testify as an expert at trial. *Id.* at *2, *5. Rejecting the plaintiff-appellant's argument that it was improper to permit the treating physician to testify, the court pointed out that "what the Appellant [sought was] testimony from his own expert as to the medical malpractice, but prohibition of testimony from another expert who was intimately involved in the medical claim that [was] the subject of [the] litigation, simply because the opinion of that doctor [was] not favorable to Appellant's position." *Id.* at *5.

4

Other Ohio courts have reached similar results. *See, e.g., Billman v. Hirth*, No. 97APE12-1657, 1998 WL 514126, at *8 (Ohio Ct. App. Aug. 20, 1998) (relying on *Moore* in holding that allowing non-party treating physician to testify as an expert where privilege had been waived was not error); *Conti v. Lynn*, No. 75AP-591, 1976 WL 189724 (Ohio Ct. App. May 20, 1976) (non-physician who participated in treatment of plaintiff patient permitted to testify on behalf of defendant physician).

Allowing Dr. Zografakis to be deposed not only as to his involvement in the care of Mr. Brant but also as to the standard of care, causation, and the treatment of Mr. Brant by others will not undermine the physician-patient privilege enunciated in § 2317.02. The privilege "is designed to create an atmosphere of confidentiality, which theoretically will encourage the patient to be completely candid with his or her physician, thus enabling more complete treatment." *Ward v. Summa Health Sys.*, 128 Ohio St. 3d 212, 217 (Ohio 2010) (quoting *State Medical Bd. of Ohio v. Miller*, 44 Ohio St. 3d 136, 139 (Ohio 1989)). The privilege has already been waived by Plaintiffs as to disclosure of treatment-specific information, and disclosure of information regarding standard of care and the like does not threaten the "atmosphere of confidentiality" that enables "candid" discussion and "more complete treatment." Likewise, allowing Dr. Zografakis to disclose information as to standard of care, causation, and treatment by others will not encourage the improper, surreptitious interference with an ongoing physician-patient relationship that the court in *Hammonds* sought to prevent.

For all of these reasons, the Court ORDERS that Dr. Zografakis may be deposed concerning the standard of care, causation, and the prior and subsequent treatment of Mr. Brant by others relative to the medical condition at issue in this case.

**IT IS SO ORDERED**.

Dated: April 23, 2012

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**